UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSE REYES-ZUNIGA,

    Petitioner,

        v.

BRIAN ENGLISH,

    Respondent.

CAUSE NO. 3:26-CV-442-CCB-SJF

## OPINION AND ORDER

Immigration detainee Jose Reyes-Zuniga, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Reyes-Zuniga is a citizen of Honduras who entered the United States without inspection. (ECF 6-2 at 8.) He claims to have been living in the country since around 2010. (*Id.*) In 2020, he was convicted of driving under the influence of alcohol in New York. (*Id.* at 7.) In June 2025, he was taken into custody by Immigration and Customs Enforcement (ICE) agents in New York pursuant to an administrative warrant. (*Id.* at 9.) He was then transferred to Miami Correctional Facility, where he remains at present pending the conclusion of his removal proceedings. (ECF 1 at 1-2.) An immigration judge has ordered him removed to Honduras, and his appeal to the Board of Immigration Appeals remains pending. (ECF 6-2 at 23-29.)

Mr. Reyes-Zuniga argues that immigration officials have not given him an opportunity for release on bond because they view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). (ECF 1 at 6-7.) He moved for a custody redetermination four times during his detention, and each time the immigration judge denied his motion for lack of jurisdiction pursuant to *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that noncitizens without legal status are not entitled to bond under 8 U.S.C. § 1225(b)(2). (*See* ECF 6-2 at 12, 15, 17, 19-20.) He argues this statute does not apply to him because he was arrested within the interior of the United States years after his arrival, and that his detention without an opportunity for bond violates applicable statutes and the Fifth Amendment's Due Process Clause. (ECF 1 at 6.) He seeks release from custody or a prompt bond hearing before an immigration judge. (*Id.* at 7.)

In an order to show cause, the court directed the Respondent to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 3.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Respondent answered the petition (ECF 6), and the time has expired for Mr. Reyes-Zuniga to file a reply.

The Respondent repeats his argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Reyes-Zuniga is subject to

mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 6.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[1] *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Reyes-Zuniga who are arrested within the interior of the country years after their arrival. That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a

---

[1] A split panel of the Seventh Circuit recently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, ___F.4th___, 2026 WL 1223250 (7th Cir. May 5, 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second Circuit and Sixth Circuit recently rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Lopez-Campos v. Raycraft,* ___F.4th___, 2026 WL 1283891 (6th Cir. May 11, 2026); *Cunha v. Freden*, ___F.4th___, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until additional guidance comes from the Seventh Circuit.

warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

Here, Mr. Reyes-Zuniga was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 6-2 at 9.) However, he has not been granted an opportunity for bond because the government views him as categorically ineligible for bond under § 1225(b)(2). This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.[2] *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

Mr. Reyes-Zuniga presses for outright release, but the court views the opportunity for an individualized bond hearing as the correct remedy.[3] He was detained pursuant to a

---

[2] The Respondent does not argue that Mr. Reyes-Zuniga's criminal record makes him ineligible for bond under 8 U.S.C. § 1226(c). (*See* ECF 6.) The court therefore does not consider that issue. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present." (internal citations and quotation marks omitted)).

[3] He argues that he should be released because his detention exceeds what is reasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (ECF 1 at 6.) However, that case imposed time limitations on post-removal detention under 8 U.S.C. § 1231 to ensure that such detention does not become indefinite. *Zadvydas* is not applicable to Mr. Reyes-Zuniga, because his removal proceedings are not yet final and so his detention is governed instead by 8 U.S.C. § 1226. He also asserted in his petition that there was no warrant for his arrest (ECF 1 at 6), but the government has produced the warrant with the response. (ECF 6-2 at 9.)

warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). However, if the government does not provide him with an individualized bond hearing, then he must be released, because his continued detention without an opportunity for bond is unlawful. 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306. Because Mr. Reyes-Zuniga is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition (ECF 1) and **ORDERS** the Respondent to release Jose Reyes-Zuniga on or before **May 22, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Respondent to file proof of compliance with this order by **May 26, 2026.**

SO ORDERED on May 14, 2026.

_/s/Cristal C. Brisco_

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT